**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | | |
|---|---|---|
| **MARY LYNN BUCCI,** | : | |
| | : | **Electronically Filed** |
| **Plaintiff,** | : | |
| | : | Case No. ___2:22-cv-133___ |
| **vs.** | : | |
| | : | **COMPLAINT** |
| **WAL-MART STORES, INC.,** | : | |
| **WAL-MART STORES EAST, L.P.,** | : | |
| **BOTH T/D/B/A WAL-MART** | : | |
| **SUPERCENTER, WAL-MART REAL** | : | |
| **ESTATE BUSINESS TRUST, and** | : | |
| **NATIONAL CONSTRUCTION** | : | **JURY TRIAL DEMANDED** |
| **RENTALS, INC. a/k/a** | : | |
| **NATIONAL RENT-A-FENCE,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

AND NOW COMES the Plaintiff, Mary Lynn Bucci, by and through her counsel, Louis M. Perrotta, Esquire, and Gary W. Jones, Jr., Esquire, of Louis M. Perrotta, P.C., and files the following Complaint, and avers as follows in support thereof:

### The Parties

1.      Plaintiff Mary Lynn Bucci is an adult domiciled in the Commonwealth of Pennsylvania and residing at 203 East Winter Avenue, New Castle, Pennsylvania 16101.

2.      Upon information and belief, Defendant Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716, and does business in the city of Hermitage, Mercer County, Pennsylvania, under the name "Wal-Mart Supercenter" at 1275 North Hermitage Road, Hermitage, Pennsylvania 16148.

3.      Wal-Mart Stores, Inc. is registered to do business in Pennsylvania and it may be served with process by delivering a summons and a true and correct copy of this Complaint to its registered agent for receipt of service of process at CT Corporation System at 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101.

4.      Defendant Wal-Mart Stores, Inc. is the number one retailer in the world with 6,000 stores worldwide. Wal-Mart Stores, Inc. is also the largest company by revenue and largest employer in the world.

5.      Upon information and belief, Defendant Wal-Mart Stores East, L.P., is a Delaware corporation with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716, and does business in the city of Hermitage, Mercer County, Pennsylvania, under the name "Wal-Mart Supercenter" at 1275 North Hermitage Road, Hermitage, Pennsylvania 16148.

6.      Wal-Mart Stores East, L.P. is registered to do business in Pennsylvania and it may be served with process by delivering a summons and a true and correct copy of this Complaint to its registered agent for receipt of service of process at CT Corporation System at 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101.

7.      Upon information and belief, Defendant Wal-Mart Real Estate Business Trust is a Delaware corporation with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716, and does business in the city of Hermitage, Mercer County, Pennsylvania, and owns the property at 1275 North Hermitage Road, Hermitage, Pennsylvania 16148.

8.      Wal-Mart Real Estate Business Trust is registered to do business in Pennsylvania and it may be served with process by delivering a summons and a true

and correct copy of this Complaint to its registered agent for receipt of service of process at CT Corporation System at 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101.

9.      Upon information and belief, Defendant National Construction Rentals, Inc. is a California corporation with its principal place of business at 15319 Chatsworth Street, Mission Hills, California 91345-2040 and does business in the city of Hermitage, Mercer County, Pennsylvania.

10.      Defendant National Construction Rentals, Inc. is registered to do business in Pennsylvania, and it may be served with process by delivering a summons and a true and correct copy of this Complaint to its registered agent for receipt of service of process at Registered Agent Solutions, Inc. at 125 Locust Street, Harrisburg, PA 17101.

11.      Defendant National Construction Rentals, Inc. has 38 companies in its corporate family. National Construction Rentals, Inc. has locations across the country and employs 900 individuals.

## Jurisdiction and Venue

12.      The Plaintiff, Mary Lynn Bucci, is an individual and a citizen of the Commonwealth of Pennsylvania.

13.      The Defendant, Wal-Mart Stores, Inc., is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Arkansas.

14.      The Defendant, Wal-Mart Stores East, L.P., is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Arkansas.

15.      The Defendant, Wal-Mart Real Estate Business Trust, is incorporated

under the laws of the State of Delaware and has its principal place of business in the

State of Arkansas.

16.     The Defendant, National Construction Rentals, Inc., is incorporated under

the laws of the State of California and has its principal place of business in the State of

California.

17.     This court has subject matter jurisdiction over this action under 28 U.S.C.

§ 1332 because:

    a.     There is complete diversity of citizenship between the Plaintiff and

all Defendants in this action; and

    b.     The amount in controversy is more than $75,000.00 not counting

interest and costs of court, resulting from medical bills, compensatory damages, and

punitive damages.

18.     This Court has personal jurisdiction over Defendants Wal-Mart Stores,

Inc., Wal-Mart Stores East, L.P., and Wal-Mart Real Estate Business Trust because

they are doing business at 1275 North Hermitage Road, Hermitage, Pennsylvania

16148 and are subject to service of process under Fed. R. Civ. P. 4.

19.     This Court has personal jurisdiction over Defendant National Construction

Rentals, Inc. because they did business at 1275 North Hermitage Road, Hermitage,

Pennsylvania 16148 and are subject to service of process under Fed. R. Civ. P. 4.

20.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2)

because a substantial portion or all of the events or omissions giving rise to the claim

asserted in this Complaint occurred within this judicial district.

**Statement of Claim**

21.     Paragraphs 1 through 20 are incorporated at this point as though fully set forth in detail.

22.     Upon information and belief, Defendant Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and/or Wal-Mart Real Estate Business Trust (hereinafter the Wal-Mart Defendants, either individually or collectively), owns and/or operates Store 1568 located at 1275 North Hermitage Road, Hermitage, Pennsylvania 16148.

23.     Wal-Mart Stores, Inc. contracted with National Construction Rentals, Inc. for the rental and installation of barricades at Wal-Mart Store 1568 located at 1275 North Hermitage Road, Hermitage, Pennsylvania 16148 (hereinafter "Store 1568").

24.     On April 18, 2020, at approximately 3:00 o'clock P.M. Plaintiff arrived at Defendant's Store 1568.

25.     Plaintiff was a business invitee of Defendant Wal-Mart Stores, Inc., Defendant Wal-Mart Stores East, L.P., and/or Defendant Wal-Mart Real Estate Business Trust and was present at Store 1568 as a patron of the shopping center.

26.     Prior to April 18, 2020, pursuant to its contract with Wal-Mart Defendants, Defendant National Construction Rentals, Inc. had placed barricades along the entrance of Store 1568.

27.     The barricades were in place at the time Plaintiff was present at Store 1568.

28.     One such barricade was placed on ground which was not level in such a way that:

     a.    The legs of the barricade were bowed up at the ends preventing the legs from resting flush against the ground; and

     b.    The legs of the barricade protruded into the pedestrian walkways.

29.    The aforementioned barricade was not accompanied by any markings, warnings, or postings which would alert the invitees of Store 1568 that the barricade posed a harm to them.

30.    The aforementioned barricade was placed around the sidewalk.

31.    The aforementioned barricade left inadequate clearance between the sidewalk and the walkway.

32.    Store 1568 had a poor vehicle traffic pattern.

33.    Store 1568 had a poor pedestrian traffic pattern.

34.    When she arrived at Store 1568 Plaintiff proceeded on foot from the parking lot towards the entrance of Store 1568 at which time in her normal course of walking toward the entrance of the store her foot became lodged under the aforementioned leg of the barricade.

35.    Plaintiff struggled to free her foot from underneath the leg of the barricade and in her struggle, she fell forward onto the ground, landing on her right arm.

36.    Plaintiff landed with all of her weight on her right arm causing severe injuries, including:

     a.    Right wrist sprain;

     b.    Right shoulder sprain/strain;

     c.    Right elbow contusion;

     d.    Right triangular fibrocartilage complex (TFCC) tear;

    e.     Strain of extensor muscle, fascia and tendon of other finger at wrist and hand level;

    f.     Injury to triangular fibrocartilage of wrist joint;

    g.      Triangular cartilage injury;

    h.     Constant wrist pain;

    i.     Stiffness of right wrist joint;

    j.     Right thumb trigger finger;

    k.     Right thumb CMC arthrosis;

    l.     Right pisotriquetral arthritis;

    m.     Grade 1 lunotriquetral tear;

    n.     Grade 2 scapholunate tear;

    o.     Bruising of the right wrist and shoulder;

    p.     Swelling of the right wrist and shoulder;

    q.     Loss of strength in right hand;

    r.     Loss of strength in right arm.

37.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained the above injuries.

38.    As a direct and proximate result of Defendants' conduct, Plaintiff has incurred and will continue to incur into the future the following damages:

    a.     Past, present, and future pain and suffering, inconvenience, embarrassment, and humiliation;

    b.     Past, present, and future mental anguish and suffering;

    c.     Past, present, and future disfigurement and disability;

    d.      Impairment of the ability to enjoy the pleasures of life;

    e.      Permanent physical impairment;

    f.      Past and future costs and expenses for medical care, therapeutic treatments, medications, and home healthcare.

39.     Defendants are each fully liable and jointly and severally liable for the injuries and damages caused to Plaintiff.

### Count I – Negligence, Wal-Mart Stores, Inc.

40.     Paragraphs 1 through 39 are incorporated at this point as though fully set forth in detail.

41.     Defendant Wal-Mart Stores, Inc. had a duty to ensure that the barricades placed on their property were properly installed, accompanied by proper signage, had adequate warnings, and that clear ingress and egress was provided to Store 1568.

42.     Defendant Wal-Mart Stores, Inc. by and through its agents, servants, and/or employees breached their duty of care to Plaintiff and acted negligently by:

    a.      Failing to ensure that all of the barricades on their property were properly installed;

    b.      Failing to place all barricades on level, sturdy ground;

    c.      Failing to ensure that the legs of the barricades rested flush with the ground;

    d.      Failing to place proper signage and/or warnings of obstructions to pedestrian walkways;

    e.      Failing to ensure that pedestrian walkways were free and clear of all obstructions;

f.      Placing barricades near customer thoroughfares without warnings;

g.      Failing to monitor the position of the barricades throughout the day;

h.      Failing to have adequate presence of employees, security, police or other agents of Defendant to ensure that no injuries occurred on the premises;

i.      Failing to have an adequate patrol of the premises to ensure that all barricades were safely positioned outside of pedestrian walkways;

j.      Causing and/or permitting the dangerous, hazardous, and unsafe condition to exist;

k.      Failing to repair or remove the defective barrier;

l.      Failing to cordon off or otherwise block access to the area where the defective barrier was placed;

m.      Failing to inspect the defective barrier;

n.      Failing to develop and establish written policies and procedures for the installation and maintenance of the barricades;

o.      Failing to oversee the competency of their agents, servants, employees, and/or subcontractors;

p.      Failing to hire experienced and/or properly trained employees and/or contractors to oversee the installation and maintenance of the barricades;

q.      Failing to conduct safety audits;

p.      In otherwise failing to exercise regard and care for the rights and safety of Plaintiff required of Defendant under the law.

43.    Wal-Mart Stores, Inc. failed to ensure that the barricades on the property of Store 1568 were properly installed. The uneven placement of the barricades in front of Store 1568 was the actual and proximate cause of Plaintiff's injuries since it was reasonably foreseeable that unevenly placed equipment could cause injury.

44.    Wal-Mart Stores, Inc. knew or should have known of the dangerous condition.

45.    Plaintiff suffered severe injuries to her right arm as a result of her fall at Store 1568 which required numerous medical appointments, medical procedures, and past and future pain and suffering.

46.    Accordingly, Plaintiff demands judgment against Defendant, Walmart Stores, Inc. for all damages stated above in an amount in excess of the statutory arbitration limits, exclusive of interest and costs, delay damages, and post-judgment interest and all other sums to which she may be justly entitled.

### Count II – Premises Liability, Wal-Mart Stores, Inc.

47.    Paragraphs 1 through 46 are incorporated at this point as though fully set forth in detail.

48.    In cases of "premises liability" to "business invitees," Pennsylvania follows the law as pronounced in the *Restatement (Second) of Torts § 343* (1965), which states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

    (a)    knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

    (b)    should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

    (c)    fails to exercise reasonable care to protect them against the danger.

49.    The mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence. Moultrey v. Great A & P Tea Co., 422 A.2d 593 (Pa. Super. 1980).

50.    Therefore, in order to impose liability on a possessor of land, the invitee must present other evidence which tends to prove that the possessor deviated in some particular from his duty of reasonable care under the existing circumstances. Logically, the invitees case-in-chief must consist of evidence which tends to prove either that the proprietor knew, or in the exercise of reasonable care ought to have known, of the existence of the harm-causing condition. Id.

51.    Wal-Mart Stores, Inc. owed Plaintiff the highest duty of care under premises liability since Plaintiff was a business invitee.

52.    Wal-Mart Stores, Inc. knew or should have known of the existence of this dangerous condition and should have realized it involved an unreasonable risk of harm to invitees.

53.    Wal-Mart Stores, Inc. knew or should have known by the exercise of reasonable care that invitees to Store 1568 would not discover or realize the danger or would fail to protect themselves against it.

54.    Wal-Mart Stores, Inc. failed to exercise reasonable care to protect invitees against the danger.

55.    Wal-Mart Stores, Inc. breached their duty of care to Plaintiff as a business invitee by:

    a.    Failing to recognize the dangerous, harm-causing condition of the barricade;

    b.    Failing to ensure that all of the barricades on their property were properly installed;

    c.    Failing to place all barricades on level, sturdy ground;

    d.    Failing to ensure that the legs of the barricades rested flush with the ground;

    e.    Failing to place proper signage and/or warnings of obstructions to pedestrian walkways;

    f.    Failing to ensure that pedestrian walkways were free and clear of all obstructions;

    g.    Placing barricades near customer thoroughfares without warnings;

    h.    Failing to monitor the position of the barricades throughout the day;

    i.    Failing to have adequate presence of employees, security, police or other agents of Defendant to ensure that no injuries occurred on the premises;

j.      Failing to have an adequate patrol of the premises to ensure that all barricades were safely positioned outside of pedestrian walkways;

k.      Causing and/or permitting the dangerous, hazardous, and unsafe condition to exist;

l.      Failing to repair or remove the defective barrier;

m.      Failing to cordon off or otherwise block access to the area where the defective barrier was placed;

n.      Failing to inspect the defective barrier;

o.      Failing to develop and establish written policies and procedures for the installation and maintenance of the barricades;

p.      Failing to oversee the competency of their agents, servants, employees, and/or subcontractors;

q.      Failing to hire experienced and/or properly trained employees and/or contractors to oversee the installation and maintenance of the barricades;

r.      Failing to conduct safety audits;

s.      In otherwise failing to exercise regard and care for the rights and safety of Plaintiff required of Defendant under the law.

56.      Wal-Mart Stores, Inc. failed to ensure that the barricades were properly installed, patrolled, or marked in front of Store 1568 which was the actual and proximate cause of Plaintiff's injury since it was reasonably foreseeable that unevenly placed equipment could cause injury.

57.      Plaintiff suffered severe injuries to her right arm as a result of her fall at

Store 1568 which required numerous medical appointments, medical procedures, and past and future pain and suffering.

58.     Accordingly, Plaintiff demands judgment against Defendant, Walmart Stores, Inc. for all damages stated above in an amount in excess of the statutory arbitration limits, exclusive of interest and costs, delay damages, and post-judgment interest and all other sums to which she may be justly entitled.

## Count III – Negligence, Wal-Mart Stores East, L.P.

59.     Paragraphs 1 through 58 are incorporated at this point as though fully set forth in detail.

60.     Defendant Wal-Mart Stores East, L.P. had a duty to ensure that the barricades placed on their property were properly installed, accompanied by proper signage, had adequate warnings, and that clear ingress and egress was provided to Store 1568.

61.     Defendant Wal-Mart Stores East, L.P. by and through its agents, servants, and/or employees breached their duty of care to Plaintiff and acted negligently by:

      a.     Failing to ensure that all of the barricades on their property were properly installed;

      b.     Failing to place all barricades on level, sturdy ground;

      c.     Failing to ensure that the legs of the barricades rested flush with the ground;

      d.     Failing to place proper signage and/or warnings of obstructions to pedestrian walkways;

e.      Failing to ensure that pedestrian walkways were free and clear of all obstructions;

f.      Placing barricades near customer thoroughfares without warnings;

g.      Failing to monitor the position of the barricades throughout the day;

h.      Failing to have adequate presence of employees, security, police or other agents of Defendant to ensure that no injuries occurred on the premises;

i.      Failing to have an adequate patrol of the premises to ensure that all barricades were safely positioned outside of pedestrian walkways;

j.      Causing and/or permitting the dangerous, hazardous, and unsafe condition to exist;

k.      Failing to repair or remove the defective barrier;

l.      Failing to cordon off or otherwise block access to the area where the defective barrier was placed;

m.      Failing to inspect the defective barrier;

n.      Failing to develop and establish written policies and procedures for the installation and maintenance of the barricades;

o.      Failing to oversee the competency of their agents, servants, employees, and/or subcontractors;

p.      Failing to hire experienced and/or properly trained employees and/or contractors to oversee the installation and maintenance of the barricades;

q.      Failing to conduct safety audits;

p.      In otherwise failing to exercise regard and care for the rights and

safety of Plaintiff required of Defendant under the law.

62.     Wal-Mart Stores East, L.P. failed to ensure that the barricades on the

property of Store 1568 were properly installed. The uneven placement of the barricades

in front of Store 1568 was the actual and proximate cause of Plaintiff's injuries since it

was reasonably foreseeable that unevenly placed equipment could cause injury.

63.     Wal-Mart Stores East, L.P. knew or should have known of the dangerous

condition.

64.     Plaintiff suffered severe injuries to her right arm as a result of her fall at

Store 1568 which required numerous medical appointments, medical procedures, and

past and future pain and suffering.

65.     Accordingly, Plaintiff demands judgment against Defendant, Walmart

Stores East, L.P. for all damages stated above in an amount in excess of the statutory

arbitration limits, exclusive of interest and costs, delay damages, and post-judgment

interest and all other sums to which she may be justly entitled.

### Count IV – Premises Liability, Wal-Mart Stores East, L.P.

66.     Paragraphs 1 through 65 are incorporated at this point as though

fully set forth in detail.

67.     In cases of "premises liability" to "business invitees," Pennsylvania follows

the law as pronounced in the *Restatement (Second) of Torts § 343* (1965), which

states:

A possessor of land is subject to liability for physical harm caused to his

invitees by a condition on the land if, but only if, he

(a)     knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b)     should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c)     fails to exercise reasonable care to protect them against the danger.

68.     The mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence. Moultrey v. Great A & P Tea Co., 422 A.2d 593 (Pa. Super. 1980).

69.     Therefore, in order to impose liability on a possessor of land, the invitee must present other evidence which tends to prove that the possessor deviated in some particular from his duty of reasonable care under the existing circumstances. Logically, the invitees case-in-chief must consist of evidence which tends to prove either that the proprietor knew, or in the exercise of reasonable care ought to have known, of the existence of the harm-causing condition. Id.

70.     Wal-Mart Stores East, L.P. owed Plaintiff the highest duty of care under premises liability since Plaintiff was a business invitee.

71.     Wal-Mart Stores East, L.P. knew or should have known of the existence of this dangerous condition and should have realized it involved an unreasonable risk of harm to invitees.

72.     Wal-Mart Stores East, L.P. knew or should have known by the exercise of reasonable care that invitees to Store 1568 would not discover or realize the danger or would fail to protect themselves against it.

73.     Wal-Mart Stores East, L.P. failed to exercise reasonable care to protect invitees against the danger.

74.     Wal-Mart Stores East, L.P. breached their duty of care to Plaintiff as a business invitee by:

    a.      Failing to recognize the dangerous harm-causing condition of the barricade.

    b.      Failing to ensure that all of the barricades on their property were properly installed;

    c.      Failing to place all barricades on level, sturdy ground;

    d.      Failing to ensure that the legs of the barricades rested flush with the ground;

    e.      Failing to place proper signage and/or warnings of obstructions to pedestrian walkways;

    f.      Failing to ensure that pedestrian walkways were free and clear of all obstructions;

    g.      Placing barricades near customer thoroughfares without warnings;

    h.      Failing to monitor the position of the barricades throughout the day;

    i.      Failing to have adequate presence of employees, security, police or other agents of Defendant to ensure that no injuries occurred on the premises;

j.      Failing to have an adequate patrol of the premises to ensure that all barricades were safely positioned outside of pedestrian walkways;

k.      Causing and/or permitting the dangerous, hazardous, and unsafe condition to exist;

l.      Failing to repair or remove the defective barrier;

m.      Failing to cordon off or otherwise block access to the area where the defective barrier was placed;

n.      Failing to inspect the defective barrier;

o.      Failing to develop and establish written policies and procedures for the installation and maintenance of the barricades;

p.      Failing to oversee the competency of their agents, servants, employees, and/or subcontractors;

q.      Failing to hire experienced and/or properly trained employees and/or contractors to oversee the installation and maintenance of the barricades;

r.      Failing to conduct safety audits;

s.      In otherwise failing to exercise regard and care for the rights and safety of Plaintiff required of Defendant under the law.

75.    Wal-Mart Stores East, L.P. failed to ensure that the barricades were properly installed, patrolled, or marked in front of Store 1568 which was the actual and proximate cause of Plaintiff's injury since it was reasonably foreseeable that unevenly placed equipment could cause injury.

76.    Plaintiff suffered severe injuries to her right arm as a result of her fall at

Store 1568 which required numerous medical appointments, medical procedures, and past and future pain and suffering.

77.     Accordingly, Plaintiff demands judgment against Defendant, Walmart Stores East, L.P. for all damages stated above in an amount in excess of the statutory arbitration limits, exclusive of interest and costs, delay damages, and post-judgment interest and all other sums to which she may be justly entitled.

### Count IV – Premises Liability, Wal-Mart Real Estate Business Trust

78.     Paragraphs 1 through 77 are incorporated at this point as though fully set forth in detail.

79.     In cases of "premises liability" to "business invitees," Pennsylvania follows the law as pronounced in the *Restatement (Second) of Torts § 343* (1965), which states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a)     knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b)     should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c)     fails to exercise reasonable care to protect them against the danger.

80.     The mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself,

evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence. <u>Moultrey v. Great A & P Tea Co.</u>, 422 A.2d 593 (Pa. Super. 1980).

81.     Therefore, in order to impose liability on a possessor of land, the invitee must present other evidence which tends to prove that the possessor deviated in some particular from his duty of reasonable care under the existing circumstances. Logically, the invitees case-in-chief must consist of evidence which tends to prove either that the proprietor knew, or in the exercise of reasonable care ought to have known, of the existence of the harm-causing condition. <u>Id</u>.

82.     Wal-Mart Real Estate Business Trust owed Plaintiff the highest duty of care under premises liability since Plaintiff was a business invitee.

83.     Wal-Mart Real Estate Business Trust knew or should have known of the existence of this dangerous condition and should have realized it involved an unreasonable risk of harm to invitees.

84.     Wal-Mart Real Estate Business Trust knew or should have known by the exercise of reasonable care that invitees to Store 1568 would not discover or realize the danger or would fail to protect themselves against it.

85.     Wal-Mart Real Estate Business Trust failed to exercise reasonable care to protect invitees against the danger.

86.     Wal-Mart Real Estate Business Trust breached their duty of care to Plaintiff as a business invitee by:

        a.     Failing to recognize the dangerous, harm-causing condition of the barricade;

b.    Failing to ensure that all of the barricades on their property were properly installed;

c.    Failing to place all barricades on level, sturdy ground;

d.    Failing to ensure that the legs of the barricades rested flush with the ground;

e.    Failing to place proper signage and/or warnings of obstructions to pedestrian walkways;

f.    Failing to ensure that pedestrian walkways were free and clear of all obstructions;

g.    Placing barricades near customer thoroughfares without warnings;

h.    Failing to monitor the position of the barricades throughout the day;

i.    Failing to have adequate presence of employees, security, police or other agents of Defendant to ensure that no injuries occurred on the premises;

j.    Failing to have an adequate patrol of the premises to ensure that all barricades were safely positioned outside of pedestrian walkways;

k.    Causing and/or permitting the dangerous, hazardous, and unsafe condition to exist;

l.    Failing to repair or remove the defective barrier;

m.    Failing to cordon off or otherwise block access to the area where the defective barrier was placed;

n.    Failing to inspect the defective barrier;

o.  Failing to develop and establish written policies and procedures for the installation and maintenance of the barricades;

p.  Failing to oversee the competency of their agents, servants, employees, and/or subcontractors;

q.  Failing to hire experienced and/or properly trained employees and/or contractors to oversee the installation and maintenance of the barricades;

r.  Failing to conduct safety audits;

s.  In otherwise failing to exercise regard and care for the rights and safety of Plaintiff required of Defendant under the law.

87.     Wal-Mart Real Estate Business Trust failed to ensure that the barricades were properly installed, patrolled, or marked in front of Store 1568 which was the actual and proximate cause of Plaintiff's injury since it was reasonably foreseeable that unevenly placed equipment could cause injury.

88.     Plaintiff suffered severe injuries to her right arm as a result of her fall at Store 1568 which required numerous medical appointments, medical procedures, and future pain.

89.     Accordingly, Plaintiff demands judgment against Defendant, Walmart Real Estate Business Trust for all damages stated above in an amount in excess of the statutory arbitration limits, exclusive of interest and costs, delay damages, and post-judgment interest and all other sums to which she may be justly entitled.

## Count VI – Negligence, National Construction Rentals, Inc.

90.     Paragraphs 1 through 89 are incorporated at this point as though

fully set forth in detail.

91.    National Construction Rentals, Inc. owed a duty of care to Plaintiff since it was reasonably foreseeable that failing to properly install the barricades could result in injury to a customer of Store 1568.

92.    National Construction Rentals, Inc. by and through its agents, servants, and/or employees breached their duty of care to Plaintiff by:

a.    Failing to ensure that all of the barricades at Store 1568 were properly installed;

b.    Failing to ensure that their barricades were properly placed on level, sturdy ground;

c.    Failing to ensure that the legs of their barricades rested flush with the ground;

d.    Failing to place proper signage and/or warnings of obstructions to pedestrian walkways;

e.    Placing barricades near customer thoroughfares without warnings;

f.    Causing and/or permitting the dangerous, hazardous, and unsafe condition to exist;

g.    Failing to repair or remove the defective barrier;

h.    Failing to cordon off or otherwise block access to the area where the defective barrier was placed;

i.    Failing to inspect the defective barrier;

j.    Failing to develop and establish written policies and procedures for the installation and maintenance of the barricades;

    k.      Failing to oversee the competency of their agents, servants, employees, and/or subcontractors;

    l.      Failing to hire experienced and/or properly trained employees and/or contractors to oversee the installation and maintenance of the barricades;

    m.      Failing to conduct safety audits;

    n.      In otherwise failing to exercise regard and care for the rights and safety of Plaintiff required of Defendant under the law.

93.    National Construction Rentals, Inc. failed to ensure that the barricades placed outside of Store 1568 were properly installed or marked which was the actual and proximate cause of Plaintiff's injury since it was reasonably foreseeable that unevenly placed equipment could cause injury.

94.    Plaintiff suffered severe injuries to her right arm as a result of her fall at Store 1568 which required numerous medical appointments, medical procedures, and past and future pain and suffering.

95.    Accordingly, Plaintiff demands judgment against Defendant, National Construction Rentals, Inc. for all damages stated above in an amount in excess of the statutory arbitration limits, exclusive of interest and costs, delay damages, and post-judgment interest and all other sums to which she may be justly entitled.

### Demand for Jury Trial

96.    Plaintiff hereby demands a jury for all issues so triable.

### Prayer for Relief

97.    Plaintiff respectfully requests that this Court enter judgment in her favor

and grant the following relief:

    a.    Compensatory damages, exclusive of interest and costs, in an amount in excess of $75,000.00;

    b.    Costs of court;

    c.    Pre-judgment interest at the maximum legal rate;

    d.    Post-judgment interest at the maximum legal rate; and

    e.    Such other and further relief, special and general, legal and equitable, to which Plaintiff may show herself justly entitled.

Date: January 21, 2022          Respectfully submitted,

                    /s/ Louis M. Perrotta
                    LOUIS M. PERROTTA, ESQUIRE

                    /s/ Gary W. Jones, Jr.
                    GARY W. JONES, ESQUIRE

                    Louis M. Perrotta, Esquire
                    Pa I.D. No. 80376
                    lou@louperrotta.com

                    Gary W. Jones, Jr., Esquire
                    Pa. I.D. No. 209481
                    garywilliamjones@gmail.com

                    Louis M. Perrotta, P.C.
                    229 South Jefferson Street
                    New Castle, PA 16101
                    (724) 658-9980 – Phone
                    (724) 658-9455 – Fax

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the Requirements of Rule 11.

Date: January 21, 2022                          Respectfully submitted,

/s/ Louis M. Perrotta
LOUIS M. PERROTTA, ESQUIRE

/s/ Gary W. Jones, Jr.
GARY W. JONES, ESQUIRE

Louis M. Perrotta, Esquire
Pa I.D. No. 80376
lou@louperrotta.com

Gary W. Jones, Jr., Esquire
Pa. I.D. No. 209481
garywilliamjones@gmail.com

Louis M. Perrotta, P.C.
229 South Jefferson Street
New Castle, PA 16101
(724) 658-9980 – Phone
(724) 658-9455 – Fax